# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN RUSH,<br><br>　　　　Petitioner,<br><br>vs.<br><br>ISIDRO BACA, et. al,<br><br>　　　　Respondents. | 3:15-cv-00572-HDM-WGC<br><br>**ORDER** |

On December 9, 2015, this court entered an order denying petitioner's application to proceed *in forma pauperis* (ECF No. 3) and directing him to pay the full filing fee of five dollars ($5.00). Petitioner now seeks reconsideration of that order claiming that the financial certificate submitted with his application was distorted by a settlement of $416.02 he received on May 21, 2015, and that he no longer has any money to pay the filing fee.

Because the receipt of the settlement was within (albeit narrowly) the relevant six-month period, the financial certificate correctly assessed the filing fee. However, the court also notes, based on petitioner's account statement, that he has a zero balance in his account with no funds deposited in his account since May 21, 2015. ECF No. 1, p. 7-11. Thus, court shall allow petitioner to proceed *in forma pauperis*. *See Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("The granting or refusing of

permission to proceed *in forma pauperis* is a matter committed to the sound discretion of the district court.")

The court has reviewed the petition pursuant to Habeas Rule 4. Petitioner is challenging the State's revocation of statutory time credits against his sentence. While his petition is ambiguous on the issue, it appears that petitioner has not pursued his claim in the state courts through to a decision on the merits by the state supreme court.

A state prisoner seeking habeas corpus relief first must exhaust his state court remedies before presenting his constitutional claims to the federal courts. Because the exhaustion rule is grounded in principles of judicial restraint that predate and operate independently of the statutory exhaustion requirement in § 2254, it also applies in proceedings brought under 28 U.S.C. § 2241. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973)

To satisfy the exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the state supreme court. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Petitioner indicates in his petition that he has pursued state court relief with respect to his sentence but not in relation to the particular issue he presents in this case – i.e. the revocation of statutory credits against his sentence. Petitioner also indicates that applicable regulations do not permit him to

1  file an administrative grievance against the state agency responsible for the revocation, but that does not
2  speak to whether he may have a judicial remedy in the state courts.  Thus, petitioner must show cause
3  why the petition should not be dismissed without prejudice for lack of exhaustion.

4  **IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (ECF No. 4) is
5  GRANTED.  Petitioner may proceed *in forma pauperis* in this case.  The Clerk shall FILE the petition
6  for writ of habeas corpus

7  **IT IS FURTHER ORDERED** that, within **thirty (30) days** of entry of this order, petitioner
8  shall SHOW CAUSE in writing why the petition should not be dismissed without prejudice for lack of
9  exhaustion.

10  **IT FURTHER IS ORDERED** that, if petitioner maintains that any claims in the petition have
11  been exhausted, petitioner shall attach with his response copies of any and all papers that were accepted
12  for filing in the state courts that he contends demonstrate that the claims are exhausted.  All factual
13  assertions must be specific and supported by competent evidence.

14  If petitioner does not timely and fully respond to this order, or does not show adequate cause as
15  required, the entire petition will be dismissed without further advance notice.[1]

16  **No extension of time will be granted to respond to this order except in the most compelling**
17  **of circumstances.**

18  DATED this 23rd day of December, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[1] This order does not explicitly or implicitly hold that the petition is otherwise free of deficiencies.

3